IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SPAM BLOCKER LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC., and LG ELECTRONICS U.S.A., INC.,<br><br>    Defendants. | Civil Action No. 6:20-cv-513<br><br>Jury Trial Requested |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Spam Blocker LLC ("Spam Blocker" or "Plaintiff") files this Original Complaint against Defendants LG Electronics Inc. and LG Electronics U.S.A., Inc. (collectively "LGE" or "Defendants") for infringement of U.S. Patent No. 9,167,088 (the "'088 patent"), U.S. Patent No. 9,338,292 (the "'292 patent"), U.S. Patent No. 9,497,321 (the "'321 patent"), and U.S. Patent No. 9,749,469 (the "'469 patent"). The '088 patent, '292 patent, '321 patent, and the '469 patent are collectively referred to herein as the "patents-in-suit."

**THE PARTIES**

1. Plaintiff is a Texas limited liability company with a place of business located in Dallas, Texas.

2. Defendant LG Electronics Inc. is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at LG Twin Towers, 128 Yeoui-daero, Yeongdungpo-gu, Seoul, South Korea.

3. Defendant LG Electronics U.S.A., Inc. is a Delaware corporation registered to do business in Texas and with places of business in Texas at least at 9420 Research Blvd, Austin,

Texas 78759; 2155 Eagle Parkway, Fort Worth, Texas 76177; and 14901 Beach St, Fort Worth, TX 76177.

4.  On information and belief, LG Electronics U.S.A., Inc. is a direct or indirect subsidiary of LG Electronics Inc. On information and belief, LG Electronics Inc. directs or controls the actions LG Electronics U.S.A, Inc. including by inducing and contributing to the actions complained of herein.

## JURISDICTION AND VENUE

5.  This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

6.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.  Venue is proper in this District as to Defendant LG Electronics Inc. under 28 U.S.C. 1391(b)-(c). LG Electronics Inc. is a corporation organized and existing under the laws of the Republic of Korea.

8.  Venue is proper in this District as to Defendant LG Electronics U.S.A., Inc. under 28 U.S.C. § 1400(b) because, on information and belief, LG Electronics U.S.A., Inc. has committed acts of infringement in the District and/or has contributed to or induced acts of patent infringement by others in this District and has a regular and established place of business within the District, including at least 9420 Research Blvd., Austin, Texas 78759.

9.  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of the infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in

other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. For example, Defendants offer for sale and sell in this District smartphones that provide call filtering and/or blocking.

10. This Court has personal jurisdiction over Defendants, directly or through intermediaries, including their wholly-owned subsidiaries, because they have committed acts within Texas giving rise to this action and/or have established minimum contacts with Texas such that personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. On information and belief, Defendants have placed and continues to place infringing smartphones and software into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District.

12. On information and belief, Defendants have significant ties to, and presence in, the State of Texas and the Western District of Texas, making venue in this judicial district both proper and convenient for this action.

## THE PATENT-IN-SUIT

13. The '088 patent is titled "Method and Apparatus for Selective Silencing of Telephone Ringing." The inventions claimed by the '088 patent generally relate to a new and novel systems and methods for selectively silencing notifications on a telecommunications device, such as a smartphone, using a predefined priority scheme.

14. The '088 patent lawfully issued on October 20, 2015, and stems from Application No. 13/740,555, which is a continuation of Application No. 13/299,811, filed on November 18, 2011 (now U.S. Patent No. 8,369,494), which is a continuation of Application No. 12/407,074, filed on March 19, 2009 (now U.S. Patent No. 8,139,747).

15. The '292 patent is titled "Method and Apparatus for Selective Silencing of Telephone Ringing." The inventions claimed by the '292 patent generally relate to a new and novel systems and methods for selectively silencing notifications on a telecommunications device, such as a smartphone, using a predefined priority scheme.

16. The '292 patent lawfully issued on May 10, 2016, and stems from Application No. 14/843,242, which is a continuation of Application No. 13/740,555 (now the '088 patent).

17. The '321 patent is titled "Method and Apparatus for Selective Silencing of Telephone Ringing." The inventions claimed in the '321 patent generally relate to a new and novel systems and methods for selectively silencing notifications on a telecommunications device, such as a smartphone, using a predefined priority scheme.

18. The '321 patent lawfully issued on November 15, 2016, and stems from Application No. 15/149,488, which is a continuation of Application No. 14/843,242, filed on September 2, 2015 (now the '292 patent).

19. The '469 patent is titled "Method and Apparatus for Selective Silencing of Telephone Ringing." The inventions claimed in the '469 patent generally relate to a new and novel systems and methods for selectively silencing notifications on a telecommunications device, such as a smartphone, using a predefined priority scheme.

20. The '469 patent lawfully issued on August 29, 2017, and stems from Application No. 15/341,209, which is a continuation of Application No. 15/149,488, filed on May 9, 2016 (now the '321 patent).

21. The named inventor on the patents-in-suit is Steve Cha.

22. The patents-in-suit claim priority to U.S. Provisional Application Ser. No. 61/070,077, which was filed on March 20, 2008.

23. Each claim of the patents-in-suit is presumed valid.

24. Each asserted claim of the patents-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

25. The technologies claimed by the patents-in-suit consist of ordered combinations of features and functions that were not, alone or in combinations, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention. For example, the patents-in-suit detail shortcomings with prior art nuisance call blocking solutions (*see, e.g.*, '321 patent, 1:33-2:20) and then discloses technical solutions to those shortcomings whereby an incoming call is assigned a priority based on a predefined scheme (e.g., the calling number's area code) and notifies a call recipient of incoming higher priority calls wile forwarding lower priority calls to voicemail without notifying the call recipient of the incoming call (*see, e.g.,* '321 patent, 4:12-5:34). This disclosure is reflected in the asserted claims of the patents-in-suit.

## COUNT I
### (Infringement of U.S. Patent No. 9,749,469)

26. Plaintiff incorporates paragraphs 1 through 25 herein by reference.

27. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

28. Plaintiff is the owner of the '469 patent with all substantial rights to the '469 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

29. The '469 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

30. LGE has, and continues to, infringe one or more claims of the '469 patent in this judicial district and elsewhere in Texas and the United States.

31. LGE has infringed, and continues to infringe, either by itself or via an agent, at least claim 15 of the '469 patent by, among other things, selling, offering for sale and/or using smartphones that support Do Not Disturb mode ("the Accused Products").

32. Attached hereto as Exhibit A, and incorporated herein by reference, is a claim chart illustrating how Accused Products infringe the '469 patent.[1]

### INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

33. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that LGE has, and continues to, indirectly infringe one or more claims of the '469 patent by inducing direct infringement by end users of the Accused Products (*e.g.*, use of an Accused Product as illustrated in Exhibit A).

34. LGE has had knowledge of the '469 patent and its infringements at least based on the filing of this complaint.

35. On information and belief, despite having knowledge of the '469 patent, LGE has specifically intended for persons who acquire and use Accused Products, including LGE's customers and end consumers, to acquire and/or use such devices in a way that infringes the '469 patent, including at least claim 15, and LGE knew or should have known that its actions were inducing infringement.

36. LGE instructs and encourages users to use the Accused Products in a manner that infringes the '469 patent. For example, LGE publishes user guides and other instructional materials on its website providing users instructions on how to enable and use Do Not Disturb mode on Accused Products in an infringing manner (*e.g.,* as illustrated by Exhibit A). *See, e.g.,* User Guide

---

[1] The chart attached as Exhibit A is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accord with the Local Rules and schedule entered by the Court.

LG V60 ThinQ 5G UW, p. 121 *available* at https://www.lg.com/us/support/manuals-documents. Moreover, as illustrated by Exhibit A, Accused Products include user interfaces and instructions for enabling and using Do Not Disturb mode on Accused Products in an infringing manner.

37. LGE is liable for its infringements of the '469 patent pursuant to 35 U.S.C. § 271.

38. Plaintiff has been damaged as a result of LGE's infringing conduct described in this Count. LGE is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for LGE's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
### (Infringement of U.S. Patent No. 9,497,321)

39. Plaintiff incorporates paragraphs 1 through 38 herein by reference.

40. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

41. Plaintiff is the owner of the '321 patent with all substantial rights to the '321 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

42. The '321 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

43. LGE has, and continues to, infringe one or more claims of the '321 patent in this judicial district and elsewhere in Texas and the United States.

44. On information and belief, LGE has infringed, and continues to infringe, either by itself or via an agent, at least claim 20 of the '321 patent by, among other things, selling, offering for sale and/or using smartphones that support Do Not Disturb mode ("the Accused Products").

45. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart illustrating how Accused Products infringe the '321 patent.[2]

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))**

46. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that LGE has, and continues to, indirectly infringe one or more claims of the '321 patent by inducing direct infringement by end users of the Accused Products (*e.g.*, use of an Accused Product as illustrated in Exhibit B).

47. LGE has had knowledge of the '321 patent and its infringements at least based on the filing of this complaint.

48. On information and belief, despite having knowledge of the '321 patent, LGE has specifically intended for persons who acquire and use Accused Products, including LGE's customers and end consumers, to acquire and/or use such devices in a way that infringes the '321 patent, including at least claim 20, and LGE knew or should have known that its actions were inducing infringement.

49. LGE instructs and encourages users to use Accused Products in a manner that infringes the '321 patent. For example, LGE publishes user guides and other instructional materials on its website providing users instructions on how to enable and use Do Not Disturb mode on Accused Products in an infringing manner (*e.g.,* as illustrated by Exhibit B). *See, e.g.,* User Guide LG V60 ThinQ 5G UW, p. 121 *available* at https://www.lg.com/us/support/manuals-documents. Moreover, as illustrated by Exhibit B, Accused Products include user interfaces and instructions for enabling and using Do Not Disturb mode on Accused Products in an infringing manner.

---

[2] The chart attached as Exhibit B is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accord with the Local Rules and schedule entered by the Court.

50. LGE is liable for its infringements of the '321 patent pursuant to 35 U.S.C. § 271.

51. Plaintiff has been damaged as a result of LGE's infringing conduct described in this Count. LGE is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for LGE's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III
### (Infringement of U.S. Patent No. 9,338,292)

52. Plaintiff incorporates paragraphs 1 through 51 herein by reference.

53. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

54. Plaintiff is the owner of the '292 patent with all substantial rights to the '292 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

55. The '292 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

56. LGE has, and continues to, infringe one or more claims of the '292 patent in this judicial district and elsewhere in Texas and the United States.

57. On information and belief, LGE has infringed, and continues to infringe, either by itself or via an agent, at least claim 14 of the '292 patent by, among other things, selling, offering for sale and/or using smartphones that support Do Not Disturb mode ("the Accused Products").

58. Attached hereto as Exhibit C, and incorporated herein by reference, is a claim chart illustrating how Accused Products infringe the '292 patent.[3]

---

[3] The chart attached as Exhibit C is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accord with the Local Rules and schedule entered by the Court.

**INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))**

59. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that LGE has, and continues to, indirectly infringe one or more claims of the '292 patent by inducing direct infringement by end users of the Accused Products (*e.g.*, use of an Accused Product as illustrated in Exhibit C).

60. LGE has had knowledge of the '292 patent and its infringements at least based on the filing of this complaint.

61. On information and belief, despite having knowledge of the '292 patent, LGE has specifically intended for persons who acquire and use Accused Products, including LGE's customers and end consumers, to acquire and/or use such devices in a way that infringes the '292 patent, including at least claim 14, and LGE knew or should have known that their actions were inducing infringement.

62. LGE instructs and encourages users to use the Accused Products in a manner that infringes the '292 patent. For example, LGE publishes user guides and other instructional materials on its website providing users instructions on how to enable and use Do Not Disturb mode on Accused Products in an infringing manner (*e.g.,* as illustrated by Exhibit C). *See, e.g.,* User Guide LG V60 ThinQ 5G UW, p. 121 *available* at https://www.lg.com/us/support/manuals-documents. Moreover, as illustrated by Exhibit C, Accused Products include user interfaces and instructions for enabling and using Do Not Disturb mode on Accused Products in an infringing manner.

63. LGE is liable for their infringements of the '292 patent pursuant to 35 U.S.C. § 271.

64. Plaintiff has been damaged as a result of LGE's infringing conduct described in this Count. LGE is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for

LGE's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV
### (Infringement of U.S. Patent No. 9,167,088)

65. Plaintiff incorporates paragraphs 1 through 64 herein by reference.

66. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

67. Plaintiff is the owner of the '088 patent with all substantial rights to the '088 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

68. The '088 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

69. LGE has, and continues to, infringe one or more claims of the '088 patent in this judicial district and elsewhere in Texas and the United States.

70. On information and belief, LGE has infringed, and continues to infringe, either by itself or via an agent, at least claim 14 of the '088 patent by, among other things, selling, offering for sale and/or using smartphones that support Do Not Disturb mode ("the Accused Products").

71. Attached hereto as Exhibit D, and incorporated herein by reference, is a claim chart illustrating how Accused Products infringe the '088 patent.[4]

### INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

72. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that LGE has, and continues to, indirectly

---

[4] The chart attached as Exhibit D is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accord with the Local Rules and schedule entered by the Court.

infringe one or more claims of the '088 patent by inducing direct infringement by end users of the Accused Products (*e.g.*, use of an Accused Product as illustrated in Exhibit D).

73. LGE has had knowledge of the '088 patent and its infringements at least based on the filing of this complaint.

74. On information and belief, despite having knowledge of the '088 patent, LGE has specifically intended for persons who acquire and use Accused Products, including LGE's customers and end consumers, to acquire and/or use such devices in a way that infringes the '088 patent, including at least claim 14, and LGE knew or should have known that its actions were inducing infringement.

75. LGE instructs and encourages users to use the Accused Products in a manner that infringes the '088 patent. For example, LGE publishes user guides and other instructional materials on its website providing users instructions on how to enable and use Do Not Disturb mode on Accused Products in an infringing manner (*e.g.*, as illustrated by Exhibit D). *See, e.g.*, User Guide LG V60 ThinQ 5G UW, p. 121 *available* at https://www.lg.com/us/support/manuals-documents. Moreover, as illustrated by Exhibit D, Accused Products include user interfaces and instructions for enabling and using Do Not Disturb mode on Accused Products in an infringing manner.

76. LGE is liable for its infringements of the '088 patent pursuant to 35 U.S.C. § 271.

77. Plaintiff has been damaged as a result of LGE's infringing conduct described in this Count. LGE is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for LGE's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil

Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against LGE and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '088 patent, '292 patent, '321 patent, and/or the '469 patent have been infringed, either literally and/or under the doctrine of equivalents, by LGE;

b. Judgment that LGE account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of LGE's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c. Judgment that LGE account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of LGE's infringing activities, including continuing infringing activities, and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by LGE's infringing activities and other conduct complained of herein;

e. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages;

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.


Dated: June 10, 2020

Respectfully submitted,

/s/ *Ryan Griffin*
Ryan Griffin
Texas Bar No. 24053687

**GRIFFIN LAW PLLC**
312 W 8th Street
Dallas, TX 75208
Tel: (214) 500-1797
ryan@griffiniplaw.com

Attorneys for Plaintiff
**SPAM BLOCKER LLC**